UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
TEXAS DIVISION

| | | |
|---|---|---|
| LIBYAN NATIONAL OIL CORPORATION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No.:_____ |
| ALPINE ARMORING INC. | § § § | |
| Defendants. | § § | |

## COMPLAINT

Plaintiff Libyan National Oil Corporation ("LNOC") files this Original Complaint against Alpine Armoring Inc. ("Alpine") for breach of contract, promissory estoppel, and equitable relief totaling approximately USD $400,000.00.

### I.

### THE PARTIES

1. Plaintiff LNOC is a foreign corporation doing business in the State of Texas and may be served via its attorney of record.

2. Defendant Alpine Armoring Inc. ("Alpine") is a foreign corporation doing business in the State of Texas and may be served with process by and through its registered agent Fred Khoroushi, Alpine Armoring Inc., 4170 Lafayette Center Drive, Chantilly, Virginia 20151-0000.

### II.

### JURISDICTION

3. The court has jurisdiction over the lawsuit under 28 U.S.C. §§ 1332(a)(1) because Plaintiff LNOC and Defendant Alpine are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs.

## III.

## VENUE

4. Venue of this action is governed by 42 U.S.C. §2000e-5(f)(3) and is proper in the Southern District of Texas because Plaintiff negotiated the contract, received communications, and paid funds to Defendant at and from its business office in Houston, Texas, and the incidents giving rise to this lawsuit occurred in part in Houston, Texas.

5. Moreover, Alpine is, and was at all relevant times, engaged in an industry or enterprise affecting interstate commerce in Texas.

## IV.

## FACTUAL BACKGROUND

6. This is a simple matter of Defendant Alpine refusing to return nearly $400,000.00 that LNOC paid to Alpine to deliver an armored vehicle to LNOC's parent company in Libya. Alpine never delivered the vehicle, yet it refuses to return LNOC's payment. There is no legal or factual excuse for Alpine's refusal to return money it did not earn under the parties' agreement.

**The Transaction**

7. Alpine invoiced LNOC for a "new custom-armored Chevrolet Suburban 3500HD LT." *See* Exh. 1. Alpine acknowledged that the vehicle was unique, "extremely rare," and "discontinued." *See* Exh. 2. However, Alpine had a Suburban in stock. Alpine further noted that the "extremely rare" Suburban had a "high protection level" not found on other vehicles. *Id*.

8. Alpine acknowledged that the vehicle was subject to a U.S. Department of Commerce Export License. *Id*. However, Alpine "guaranteed" that the Department of Commerce would grant the export license and Alpine would deliver the vehicle to LNOC in Libya. *Id*. ("The

vehicle will be subject to a U.S. Department of Commerce Export License, which will take 2- 4 weeks to obtain (We guarantee its issuance).").

9. Based on Alpine's guarantee and assurance that the export license would be granted, LNOC wired to Alpine USD $371,200.00 on January 27, 2020 as full payment for the Suburban. *See* Exh. 3.

10. After receiving payment in full, Alpine failed to perform its guarantee to deliver the vehicle to LNOC in Libya. Alpine contends that it was denied an expert license because the Suburban had a GVWR of over 10,000 pounds, which made it subject to an expert license requirement that Alpine could not satisfy. Even if this were true, Alpine's failure to deliver the Suburban as agreed upon is a breach of its express guarantee that the export license would be issued and that the vehicle would be delivered to LNOC in Libya.

**The Purchase Order**

11. LNOC issued a Purchase Order ("PO") to Alpine on December 30, 2019, which was formally approved on January 10, 2020. Under the PO, the Suburban was to be delivered by February 3, 2020 to LNOC care of the Port of Tripoli, Libya. *See* Exh. 4.

12. The "Standard Terms and Conditions" under the PO require Alpine to accept the terms and conditions stated in the PO. *See* Exh. 4, ¶ 1. "No contrary or additional terms and conditions shall apply." *Id*.

13. The PO further states that, "[n]o waiver of or exception to any of the terms, conditions and provisions contained in the [PO] shall be valid unless specifically agreed to in writing by LNOC-US." *See id*. at ¶ 6. "Changes" cannot be made and revisions are not binding unless made in writing. *See id*. at ¶ 7. LNOC-US has the option to terminate the PO "in whole or in part at any time by giving written notice to Supplier …." *Id*. at ¶ 8.

14. Alpine expressly agreed "to supply goods and materials and perform the Work specified in the PO. The terms specifically state that "[t]ime is important for this agreement and LNOC-US shall have the right to cancel the Contract in whole or in part, if not fulfilled or performed, at the time specified without prejudice …." *Id*. at ¶ 9.

15. The PO includes two partial limitations of liability provisions. The first provision states that Alpine "shall not, in any event, be entitled to any damages, including but not limited to prospective profits" upon LNOC's termination of the contract. *See id*. at ¶ 8. The second provision states that neither party "will be liable to the other or any third party for any special indirect, incidental or consequential losses or damages (including, without limitation, lost revenues and lost profits) of any kind whether in contract, tort, strict liability or otherwise[.]". *See id*. at ¶ 18.

16. The PO further states that the delivery date is "firm and shall not change" unless the parties agree in writing to change delivery terms. *Id*. at ¶ 12.

17. Alpine warranted to LNOC that it guaranteed and warranted performance. *Id*. at ¶ 13. Alpine stated that it "further represents and warrants to LNOC-US that, [Alpine] has the experience and competence necessary for the proper supply of the goods and materials and the proper ability to carry out the Work." *See id*. at ¶ 13.

18. Finally, the PO directly states that Alpine "should note that the subject of this [PO] is bound for expert to Libya. It is [Alpine's] responsibility to inform and make themselves knowledgeable about local laws, regulations, decrees, and practices and other conditions which might affect their obligations under this PO including the performance of its obligations there-undr [sic] and ensure that it complies fully." *Id*. at ¶. 15.

19. Alpine is now refusing to return any portion of LNOC's payment of USD $371,200.00 despite LNOC's repeated demands.

20. Alpine's failure to deliver the vehicle or refund LNOC's payment constitutes breach of its obligations under the contract and in equity. LNOC requested the return of its money in telephone calls, via email, and through demand letters sent by LNOC's attorneys. Alpine continues to refuse to refund any portion of LNOC's money.

21. LNOC now files suit to hold Alpine accountable for its misconduct.

## VI. CAUSES OF ACTION

### COUNT ONE: BREACH OF CONTRACT

22. Plaintiff incorporates by reference all the allegations set forth in paragraphs 1 to 21.

23. On January 10, 2020, the parties executed a purchase order. LNOC agreed to pay USD $371,200.00 to purchase the vehicle upon Alpine's guarantee of delivery. LNOC wired funds in that amount to Alpine shortly thereafter. Exh. 3. Thus, LNOC fully performed all of its contractual obligations to Alpine.

24. Alpine breached the contract by not delivering the vehicle to LNOC in Libya, as guaranteed by Alpine.

25. Alpine's breach caused injury to LNOC, which resulted in the loss of its payment of USD $371,200.00, interest, costs, and attorney's fees.

26. <u>Attorney's Fees</u>. LNOC is entitled to recover reasonable attorney fees under Texas Civil Practice and Remedies Code chapter 38 because this suit is for breach of a written contract. LNOC retained counsel, who presented Plaintiff's claim to Alpine's registered agent. Alpine did not tender the amount owed within 30 days of when the claim was presented. Ex. 5

## COUNT TWO: PROMISSORY ESTOPPEL

27. Plaintiff incorporates by reference all the allegations set forth in paragraphs 1 to 26.

28. Defendant Alpine "guaranteed" that LNOC would receive an export license for the vehicle if LNOC agreed to purchase the Suburban and pay the fee in full. This guarantee was made both in an e-mail and under the terms of the PO. Ex.s 2, 4.

29. LNOC relied on Alpine's promise by wiring payment in full to Alpine. Ex. 3. Because of the nature of the promise, LNOC's reliance was both reasonable and substantial.

30. Alpine knew, or reasonably should have known, that LNOC would rely upon Alpine's promise.

31. Injustice to LNOC can be avoided only if Alpine's promise is enforced.

32. NOC's reliance on Alpine's promise resulted in injury to LNOC, which caused the damages identified in this Complaint.

33. <u>Attorney's Fees</u>. LNOC is entitled to recover reasonable attorney fees under Texas Civil Practice and Remedies Code chapter 38 because this suit is for breach of a written contract. LNOC retained counsel, who presented Plaintiff's claim to Alpine's registered agent. Alpine did not tender the amount owed within 30 days of when the claim was presented. Exh. 5.

## EQUITABLE RELIEF

34. Plaintiff incorporates by reference all the allegations set forth in paragraphs 1 to 333.

35. In the alternative to monetary damages, Plaintiff seeks the equitable relief of rescission of the contract and return of fees paid by LNOC.

## VII.

## OBJECTION TO ASSOCIATE JUDGE

36. Plaintiff LNOC objects to the referral of this case to an associate judge for hearing a trial on the merits or presiding at a jury trial.

## VIII.

## JURY DEMAND

37. Plaintiff demands that this Court empanel a lawful jury to hear this case.

## IX.

## PRAYER

Plaintiff the Libyan National Oil Company asks that Alpine Armor Inc. be cited to appear and answer herein and that upon final hearing, LNOC have and recover from Alpine as follows:

a. Actual damages within the jurisdictional limits of the Court;

b. Pre- and post-judgment interest at the highest rates allowed by law;

c. All reasonable and necessary attorney fees as specified herein;

d. All costs of court; and

e. Such other and further relief, at law or in equity, to which Plaintiff is justly entitled.

    Respectfully submitted,

    CURTIS MALLET-PREVOST, COLT & MOSLE LLP

    /s/ *Eric J. Cassidy*
    Eric J. Cassidy
    Texas Bar No. 24031807
    Southern District Texas No. 30001
    ecassidy@curtis.com

    2 HOUSTON CENTER
    909 Fannin Street, Suite 3800
    Houston, Texas 77010
    (713) 331-6778 (Direct)

(832) 331-6778 (Mobile)
(713) 759-0712 (Fax)

**ATTORNEYS FOR PLAINTIFF**
**The Libyan National Oil Corporation**